UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSH R. SANTINI,

    *Plaintiff*,

v.

KIM FARRIS,
DR. PAPENDICK,
DR. COLEMAN, and
JOHN/JANE DOE(S)

    *Defendants*.

_____/

CASE NO. 2:21-cv-13045

HON. DAVID M. LAWSON
DISTRICT JUDGE

PATRICIA T. MORRIS
MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION TO DISMISS JOHN/JANE DOE DEFENDANT(S)

**I.  RECOMMENDATION**

For the following reasons, **I RECOMMEND** that the Court **DISMISS** the unnamed Defendant(s).

**II. REPORT**

Plaintiff Josh R. Santini is a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") at the Parnall Correctional Facility ("SMT") in Jackson, Michigan. His December 17, 2021 complaint alleges that during his

1

incarceration at the Macomb Correctional Facility ("MRF"), Defendant Kim Farris, a physician's assistant, was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. (ECF No. 1, PageID.4-6).

On February 11, 2022, Plaintiff filed a motion to amend/correct the Complaint. (ECF No. 15). At the time he filed the motion to amend/correct, the Complaint had not yet been served upon any of the Defendants; thus, Plaintiff was permitted to amend of right without leave of court. Fed. R. Civ. P. 15(a)(1)(A). After delays attributable to a prison transfer, Plaintiff filed the amended complaint on July 20, 2022 naming Kim Farris, P.A., Dr. Papendick, Dr. Coleman, and John/Jane Doe as Defendants. (ECF No. 24).

On August 1, 2022, the undersigned ordered Plaintiff to identify the John/Jane Doe Defendant(s) by October 26, 2022, noting that the failure to do so would result in a recommendation of dismissal. (ECF No. 26, PageID.242). Because Plaintiff's deadline for identifying these individuals has now passed, the unnamed Defendant(s) should be dismissed.

Accordingly, **I RECOMMEND** that the Court **DISMISS** the John/Jane Doe Defendant(s).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address

each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 9, 2022				S/ PATRICIA T. MORRIS
						Patricia T. Morris
						United States Magistrate Judge