UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSH R. SANTINI, | CASE NO. 2:21-cv-13045 |
| *Plaintiff,* | HON. DAVID M. LAWSON |
| v. | DISTRICT JUDGE |
| KIM FARRIS, PAPENDICK, COLEMAN, and E. PARR-MIRZA, | PATRICIA T. MORRIS MAGISTRATE JUDGE |
| *Defendants.* | |

**REPORT AND RECOMMENDATION TO DENY DEFENDANT PARR-MIRZA'S MOTION TO DISMISS OR ALTERNATIVELY MOTION FOR SUMMARY JUDGMENT (ECF No. 36)**

I. **RECOMMENDATION**

For the following reasons, **I RECOMMEND** that the Court **DENY** Defendant Erin Parr-Mirza's Motion to Dismiss, or Alternatively Motion for Summary Judgment on the Basis of Exhaustion (ECF No. 36).

II. **REPORT**

A. **Introduction**

Plaintiff Josh R. Santini is a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") at the Parnall Correctional Facility ("SMT")

1

in Jackson, Michigan. His December 17, 2021 complaint alleges that during his incarceration at the Macomb Correctional Facility ("MRF"), medical staff members were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. (ECF No. 1, PageID.4-6). On July 20, 2022, Plaintiff amended his complaint as of right. (ECF No. 24). In the Amended Complaint, he makes the following allegations against Defendant Parr-Mirza, MRF's Health Unit Manager ("HUM"):

> Plaintiff tried, on numerous occasions to speak with . . . Parr-Mirza, however, [she] failed to act. [She] knew or should have known by the multiple attempts by Plaintiff to contact her regarding the continuous and severe pain Plaintiff was experiencing. . . . Plaintiff did grieve [Parr Mirza] therefore, [she] is fully aware of Plaintiff's continuous request for pain management, however, failed to act.

(ECF No. 24, PageID.210-11, ¶ 24).

### B.   Standards of Review

#### 1. Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must

2

"raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

Because Plaintiff filed his complaint pro se, his pleadings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, even pro se complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### 2. Summary Judgment

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal

quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not ... 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y.

2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

### C. Exhaustion Under the PLRA

Under the Prison Litigation Reform Act ("PLRA") of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.* at 90.

MDOC Policy Directive ("P.D.") 03.02.130, effective March 18, 2019, prescribes the three-step administrative exhaustion process for grievable matters. At Step I, a

5

prisoner must "attempt to resolve the issue with the staff member involved within two business days" and, if unsuccessful, must file a grievance within five business days. *Id.* at ¶ Q. "Grievances and grievance appeals at all steps shall be considered filed on the date received by the Department." *Id.* at ¶ T. If the inmate is dissatisfied with the disposition of the grievance, or does not receive a response ten days after the due date, he or she may file a Step II grievance using the appropriate form. *Id.* at ¶ DD. Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response for ten days after the response was due, he or she may file a Step III grievance. *Id.* at ¶ HH.

To be properly exhausted, a defendant must be named at Step I. P.D. 03.02.130, ¶ S provides:

> The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included.

(underscore in original).

### D. Analysis

6

Defendant Parr Mirza, Health Unit Manager ("HUM") at MRF, argues that Plaintiff's failure to comply MDOC's grievance procedures before filing suit mandates dismissal of the claims against her. (ECF No. 36, PageID.280). She contends that while Plaintiff filed a total of five grievances through Step III during the relevant period, none of the grievances name her at Step I as required by P.D. 03.02.130 ¶ S. (*Id.* at PageID.286).

Parr-Mirza also argues that Plaintiff has not stated a claim against her upon which relief can be granted. (*Id.* at PageID.277). She contends that Plaintiff has failed to allege that she "'implicitly authorized, approved, or knowingly acquiesced'" in the allegedly unconstitutional acts of her subordinates as required to establish liability under 42 U.S.C. § 1983. (*Id.* at PageID.278) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

   1. **Exhaustion**

A review of Parr-Mirza's exhibits show that Plaintiff did not identify her by name at Step I in any of the five grievances. (ECF No. 36-3). However, in one of the grievances where Plaintiff complains that he was not receiving adequate treatment for stomach pain, his Step I grievance states:

> I've spoken with Unit Staff as well as sent kites to the H.U.M. Additionally, I spoke with Nurse Lisa on 4/6/21. Nothing is being done.

7

(*Id*. at PageID.313), Grievance Identifier MRF-21-4-0877-12Z1 ("MRF-877").[1] Parr-Mirza's exhibits repeatedly identify her as the HUM for MRF for the period in question. (*Id*. at PageID.313-14, 319, 324).

It is well settled that identifying the subject of a grievance by title at Step I is adequate notice under MDOC's policy directive. *Harris v. Horton*, No. 2:17-CV-141, 2019 WL 948458, at *3 (W.D. Mich. Feb. 27, 2019) (Defendants adequately identified by title at Step I); *Burton v. Kakani*, No. 09–10893, 2009 WL 3101046, at *2 (E.D. Mich. Sept. 23, 2009) (identifying the grievance subjects as "doctor" and "P.A." at Step I sufficient to place them on notice where those individuals were the only individuals in those positions at the plaintiff's institution at the time of the events in question); *see also Harrington v. Smolinski*, No. 1:05-CV-688, 2006 WL 549383, at *3 (W.D. Mich. 2006) ("Although Plaintiff did not mention Defendant Smolinski by name, he sufficiently identified her by the title of 'Classification Director.'"); *St. Ann v. McLean*, No. 5:15-CV-11770, 2016 WL 11472820, at *12 (E.D. Mich. Aug. 15, 2016), *report and recommendation adopted sub nom. Ann v. McLean*, No. 15-CV-11770, 2016 WL 5745554 (E.D. Mich. Oct. 4, 2016) (citing *Burton,* at *7) (Identifying subject of grievance as assistant resident unit manager ("ARUS"): "title[], together with the date(s) of Plaintiff's kite" sufficient to place

---

[1] Parr-Mirza does not otherwise challenge the sufficiency of this grievance and refers to the grievance as "non-rejected" by the MDOC. (ECF No. 36, PageID.286).

8

him on notice of the claims against him); *Freeman v. Holmes*, No. 1:19-CV-728, 2020 WL 4194483, at *6 (W.D. Mich. June 24, 2020), *report and recommendation adopted,* No. 1:19-CV-728, 2020 WL 4192564 (W.D. Mich. July 21, 2020) (Identification of subject as P.A. "on call" at time of event in question sufficient notice).

The fact that Parr-Mirza may have overlooked that she was identified by title rather than name in the grievance does not change the conclusion. *Harris,* 2019 WL 948458, at *3 (The prisoner/plaintiff "cannot be charged with the respondents' failures to carefully read and ascertain the basis of [the] grievance, which in the Court's judgment was stated clearly enough to allow the respondents to identify the issue and the persons being grieved."). Plaintiff's identification of Parr-Mirza as "HUM" at Step I of grievance MRF-877 was sufficient to place her notice of the claims against her.

Parr-Mirza argues further that her "involvement in the grievance process for the three non-rejected grievances (MRF-877, MRF-1029 & MRF-3055) underscores the fact that she was not the subject of these grievances." (ECF No. 36, PageID.286), (ECF No. 36-3, PageID.314) (citing P.D. 03.02.130 ¶ V) (Staff being grieved "shall not participate in any capacity in the grievance investigation, review, or response. . . ." Parr-Mirza's exhibits show that she was identified as the "reviewer" of MRF-877. It is true that a defendant is "properly dismissed" based on the failure to

9

exhaust where his or her "only involvement was the denial of the appeal of the grievance." *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). "The denial of the grievance is not the same as the denial of a request to receive medical care." *Id*.

On the other hand, an individual identified at Step I cannot avoid liability by reviewing a grievance for which she is the subject. Plaintiff is not responsible for Parr-Mirza's failure to note that the grievance was directed toward her as well as other medical staff. Parr-Mirza, not Plaintiff, violated P.D. 03.02.130 ¶ V. Again, Plaintiff "cannot be charged" with Parr-Mirza's failure "to carefully read" the Step I grievance. *Harris,* 2019 WL 948458, at *3.

The undersigned does not find an alternative basis for summary judgment on the grounds of non-exhaustion. Plaintiff's Step I grievance alleging that he kited Parr Mirza asking for timely and efficacious treatment is sufficient to put her on notice of the claims against her. In *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003), abrogated on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007), the Sixth Circuit held:

> [F]or a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process. In describing the alleged mistreatment or misconduct, however, we would not require a prisoner's grievance to allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient for a court to find that a prisoner's Step I problem statement gave prison officials fair notice of the alleged mistreatment or misconduct that forms the

10

> basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.

In *Davison v. MacLean*, No. 06-12755, 2007 WL 1520892, *5 (E.D. Mich. May 22, 2007) (Cohn, J.), the Court stated, "The MDOC policy does not contain a precise description of the necessary degree of factual particularity required of prisoners….Rather, it is sufficient for a court to find that a prisoner's Step I problem statement gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the…claim made against a defendant in a prisoner's complaint," adding that "a grievant need only 'object intelligibly to some asserted shortcoming' and need not 'lay out facts, articulate legal theories, or demand particular relief." (internal citations omitted) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)); *see also Jackson v. Martino*, No. 2:22-CV-10161, 2022 WL 17825043, at *3 (E.D. Mich. Nov. 8, 2022), *report and recommendation adopted,* No. 22-10161, 2022 WL 17582006 (E.D. Mich. Dec. 12, 2022) (Grievance allegation that the plaintiff requested but did not receive timely treatment adequate notice of the complaint's Eighth Amendment claims).  Here as well, Plaintiff's grievance stating that his requests for treatment were ignored put Parr-Mirza on notice of the constitutional claims against her.

### 2. Rule 12(b)(6)

Parr-Mirza also argues that Plaintiff cannot show that she was personally involved in the alleged Eighth Amendment violations.  (ECF No. 36, PageID.277).

11

Citing *Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978), she contends that Plaintiff cannot show that she engaged in "active unconstitutional behavior." (*Id*.) She argues further that Plaintiff named her "as a defendant due to her involvement in the grievance process—she was the Step I reviewer on the three grievances which were not rejected at Step I." (*Id*. at PageID.279).

In *Monell*, 436 U.S. at 692, the Supreme Court specifically held that in a § 1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability. *See also Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) ("[A]t a minimum, a § 1983 plaintiff must show that a supervisory official at least impliedly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate.").

Parr-Mirza misapprehends Plaintiff's position. As discussed above, Plaintiff did not name Parr-Mirza merely because she reviewed his grievance regarding the lack of medical care but actually identified her in a Step I grievance (by job title if not name). Further, the grievance does not state that as a result of Parr-Mirza's inadequate supervision, the subordinate staff member failed to provide adequate treatment. Rather, Plaintiff alleges that he made multiple kites to Parr-Mirza directly for efficacious treatment but that "nothing [was] done." (ECF No. 36-3, PageID.313).

The Amended Complaint similarly alleges personal involvement by Parr-Mirza. Plaintiff alleges that he "tried, on numerous occasions to speak [her]" but that she nonetheless "failed to act." (ECF No. 24, PageID.210, ¶ 24). He alleges Parr-Mirza therefore "knew or should have known" that he was experiencing "continuous and severe pain." (*Id.*) [2]

Parr-Mirza does not argue that Plaintiff has otherwise failed to state an Eighth Amendment claim. The Amended Complaint alleges both the objective and subjective prongs of a viable Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For a failure to treat claim, the objective component requires the failure to treat a serious medical condition. *Farmer* at 834; *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The failure to provide adequate pain medication alleges the objective component of an Eighth Amendment claim. *See Sedore v. Greiner*, No. 19-10311, 2020 WL 8836076, at *3 (E.D. Mich. Sept. 24, 2020), *report*

---

[2] The Court is mindful that Plaintiff's allegation that Parr-Mirza "knew or should have known" of the risk to his health contains respectively the correct and an incorrect standard for deliberate indifference. Under *Farmer,* 511 U.S. at 837, the defendant must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists." In contrast, Plaintiff's alternative theory that Parr-Mirza "should have known" is insufficient to show deliberate indifference. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 449 (6th Cir. 2014) ("Even if [the defendant] should have known" that Plaintiff's symptoms were "indicative of a serious medical condition, she was not deliberately indifferent. . . ."). Under Fed. R. Civ. P. 8, Plaintiff is permitted to present alternative and inconsistent claims and bases for recovery.

*and recommendation adopted sub nom. Sedore v. Campbell*, No. 19-10311, 2021 WL 405987 (E.D. Mich. Feb. 5, 2021) (The plaintiff "was essentially left with pain management so cursory as to amount to no pain medication at all.").

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (The defendant must "subjectively perceive[] facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk by failing to take reasonable measures to abate it."). "It is the defendant's knowledge of the circumstances and serious risk is essential to a finding of deliberate indifference." *Sedore*, 2020 WL 8836076, at *4. Here, Plaintiff's allegation that Parr-Mirza was aware of his "continuous and severe" stomach pain resulting from injuries sustained in a car accident is sufficient to survive the present motion. (ECF No. 24, PageID.210).

Accordingly, **I RECOMMEND** that the Court **DENY** Defendant Erin Parr-Mirza's Motion to Dismiss, or Alternatively Motion for Summary Judgment on the Basis of Exhaustion (ECF No. 36).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address

each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 30, 2023                               <u>s/PATRICIA T. MORRIS</u>
                                                     Patricia T. Morris
                                                     United States Magistrate Judge