UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSH R. SANTINI, | CASE NO. 2:21-cv-13045 |
| *Plaintiff,* v. | HON. DAVID M. LAWSON DISTRICT JUDGE |
| KIM FARRIS, KEITH PAPENDICK, RICKEY COLEMAN, and ERIN PARR-MIRZA, | PATRICIA T. MORRIS MAGISTRATE JUDGE |
| *Defendants.* / | |

**REPORT AND RECOMMENDATION TO DENY DEFENDANT PARR-MIRZA'S MOTION TO DISMISS (ECF No. 50)**

**I. RECOMMENDATION**

For the following reasons, **I RECOMMEND** that the Court **DENY** Defendant Erin Parr-Mirza's Motion to Dismiss (ECF No. 50).

**II. REPORT**

**A. Background**

Plaintiff Josh R. Santini is a prison inmate in the custody of the Michigan Department of Corrections ("MDOC") at the Central Michigan Correctional Facility in St. Louis, Michigan, Michigan. His December 17, 2021 complaint alleges that

1

during his incarceration at the Macomb Correctional Facility ("MRF"), medical staff members were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment. (ECF No. 1, PageID.4-6).

On March 23, 2023, Defendant Parr-Mirza, through her attorney, filed a motion to dismiss under Fed. R. Civ. P. 37 and 41, based on Plaintiff's failure to answer questions posed by her attorney at a previously scheduled deposition. (ECF. No. 50, PageID.401). The deposition transcript contains Plaintiff's statement that he was "refusing to answer questions without proper legal representation . . . ." (ECF No. 50-3, PageID.416).

Plaintiff's response to the motion to dismiss was due on or before April 17, 2023. However, on April 4, 2023, Plaintiff filed a motion for the appointment of counsel, addressing Defendant's motion to dismiss and his conduct at the deposition:

> I am writing you because I don't know anything about the law. This lawsuit was filed by me [through] legal writers at the prisons I have been at. I was told not to answer any questions without a lawyer present. I do not have a high school diploma and as said I'm sorry but I'm no lawyer. I'm humbly asking if [the Court] could please appoint me a counsel. I have no problem answering questions I was just doing what I was told to do at the deposition. I ask that you please reinstate my complaint and let me know how to respectfully and properly move forward.

(ECF No. 53, PageID.431). In a concurrently filed order, the Undersigned denied Plaintiff's motion for counsel.

**B.     Applicable Law**

2

Under Fed. R. Civ. P. 37(a)(3)(B)(i), a party may move for an order to compel disclosure where a "deponent fails to answer a question." Where disobedient party has failed to comply with a court order, sanctions include "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). Under the same Rule, sanctions are available where a party fails to appear for his own deposition. Rule 37(d)(1)(A)(i).

> The Court considers four factors in determining whether to impose sanctions:
>
> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered.

*Doe v. Lexington-Fayette Urb. Cnty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005) (quoting *Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir.1997)). "[T]he Sixth Circuit applies the same factors to determine whether" a default judgment is appropriate under Rule 41(b). *Burks v. Washington*, No. 19-CV-10027, 2023 WL 2612607, at *8 (E.D. Mich. Mar. 23, 2023) (Drain, J.) (citing *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 366-367 (6th 1997).[1]

---

[1]The same four factors determine whether a case should be dismissed for want of prosecution under Rule 41(b):

3

## C. Analysis

As to the first factor under *Lexington-Fayette Urb. Cnty. Gov't*, Plaintiff's subsequent motion for counsel indicates that his refusal to testify at his deposition was based on erroneous advice from a prison legal writer, not bad faith. In contrast, the second factor favors dismissal. Defendant's counsel states that he has been prejudiced by the time and money spent on scheduling a fruitless deposition. But as to the third factor, Plaintiff was not previously warned that his failure to cooperate would result in sanctions although in a concurrent order, Plaintiff has been ordered to answer deposition questions. Under the fourth factor, less drastic sanctions have not been imposed.

The majority of factors weigh against imposing sanctions at this time, much less imposing the extreme sanction of dismissal. "Dismissal is the sanction of last resort." *Beil v. Lakewood Engineering and Mfg. Co.*, 15 F.3d 546, 552 (1994).

For these reasons, **I RECOMMEND** that the Court **DENY** Defendant Erin Parr-Mirza's Motion to Dismiss (ECF No. 50).

---

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct;(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2015) (quotation omitted).

But going forward, Plaintiff is warned that his failure to participate in discovery, including the refusal to answer deposition questions, WILL RESULT IN A RECOMMENDATION OF DISMISSAL.

### III.  REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 18, 2023                                           s/PATRICIA T. MORRIS
                                                                Patricia T. Morris
                                                                United States Magistrate Judge